MATTHEW J. CONLIN, Respondent, v. F. W. KRAFT & SONS COMPANY, KRAFT DEVELOPMENT CO., INC., WILLIAM D. KRAFT and JOHN KRAFT, JR., Appellants. — Judgment in a judgment creditor's action to set aside a conveyance on the ground that it is fraudulent, preferential and without consideration under the common law and section 15 of the Stock Corporation Law, reversed on the law and the facts, with costs, and complaint dismissed, with costs. The credible evidence does not support the findings that the fair and reasonable value of the property conveyed was $120,000; that defendant F. W. Kraft & Sons Company was insolvent when the agreement for the transfer was made or consummated, and that the transfer was made to defraud plaintiff or other creditors and to prefer certain creditors. Findings of fact numbered 14, 15, 17 and 24 to 30, inclusive, and all the conclusions of law are reversed. Defendants' proposed findings of fact numbered 3d, 5th, 6th, 9th to 12th, 14th, 17th, 20th, 21st, 25th, 26th, 28th, 30th, 34th, 36th to 39th,

42d to 45th, inclusive, 48th, 49th, 53d, 56th, and 46th (with the date changed from " 1932 " to " 1934 ") are found; and defendants' proposed conclusions of law numbered 1st to 6th, inclusive, and 15th, are approved. In our opinion, the grantor received the full value in cash for the Greenburgh property and the proof shows the proceeds of the transaction were used to pay the grantor's unsecured merchandise creditors and the grantor's note indorsed by the individual defendants and that the fair market value of the property covered by plaintiff's mortgage was in excess of the balance due on the mortgage. While the grantor was without funds to pay its debts as they matured, the fair salable value of its assets was in excess of its debts and, therefore, it was not insolvent. (*McCarty* v. *Nostrand Lumber Co., Inc., No. 2*, 232 App. Div. 63.) Appeal from the decision and from the order denying defendants' motion to reopen the case dismissed. Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur.