Isidob Wassebvogee,
Spec. Kef. Plaintiff seeks to set aside as fraudulent the transfer of a 1958 Cadillac automobile from the corporate defendant to the individual defendant on the ground that the conveyance was made without consideration, at a time when the corporate defendant was insolvent.
There is no doubt that on June 10, 1958, the date of the conveyance in issue, the corporate defendant was indebted to a number of creditors, including plaintiff. It is plaintiff’s contention that a voluntary conveyance by a debtor must be deemed to be presumptively fraudulent. Whether such contention is the established law of this State need not be discussed here, for, in the opinion of the court, the credible evidence adduced upon the trial establishes that although the corporate defendant was indebted to many creditors on June 10, 1958, it was not, in fact or in law, insolvent on such date within the meaning and intendment of section 271 of the Debtor and Creditor Law. Moreover, the proof shows that there was adequate consideration for the transfer of the automobile by the corporate defendant to the individual defendant.
Both insolvency and inadequacy of consideration are prerequisites to a finding of constructive fraud. (Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144, affd. 272 N. Y. 360.) Pursuant to the applicable provisions of the Debtor and Creditor Law, a person is insolvent 1 ‘ when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.” (Debtor and Creditor Law, § 271.) In the case at bar, there is no proof of the corporate defendant’s insolvency, as so defined. The credible testimony shows that while the transferor was indebted to plaintiff as well as to other creditors, its accounts receivable, if collected, would be more than adequate to pay its existing debts. (See Conlin v. F. W. Kraft & Sons Co., 247 App. Div. 804, 805.)
As to the consideration for the transfer of the 1958 automobile, the record clearly establishes that the individual defendant’s husband was in the “ juke box ” business for many years. It was in consideration of his purchase of “fifty or more” juke boxes from the corporate defendant that the latter agreed to deliver to him, at no additional cost, a 1958 Cadillac automobile. After such purchase was actually made by the individual defendant’s husband, the corporate defendant bought the Cadillac here involved and, upon her husband’s request, caused it *600 to be transferred to the individual defendant in this action. In the opinion of the court, the purchase of more than 50 juke boxes constituted a fair consideration for the transfer of the automobile by the corporate defendant.
It is to be noted that at the time the 1958 Cadillac was transferred to the individual defendant (June 10, 1958) it was encumbered by a recorded conditional bill of sale dated March 27, 1958, in the sum of more than $4,300. This conditional bill of sale was assigned to the General Motors Acceptance Corporation which subsequently repossessed the car when the corporate defendant defaulted in its payments. On January 27,1960, after the car had been so repossessed, the individual defendant, through her husband, paid the sum of $1,998, the balance then due under the conditional bill of sale to the General Motors Acceptance Corporation. Upon such payment, General Motors Acceptance Corporation released the car to the individual defendant and the corporate defendant then executed and delivered to her a bill of sale. In the opinion of the court, the individual defendant thereby acquired absolute title to said automobile.
Judgment accordingly is rendered in favor of defendants dismissing the complaint upon the merits. No costs are awarded.