(January 25, 1982)

■ WALTER BLACK et al., Doing Business as BLACK, BROWNSTEIN & WEINSTEIN, Respondent, v MILL ROAD ASSOCIATES, Appellant. — In an action *inter alia,* for reformation of a lease, defendant appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered August 27, 1981, which denied its cross motion to dismiss the action and granted plaintiff's motion for consolidation of a summary proceeding pending in the District Court of Nassau County to the extent of transferring it to the Supreme Court, Nassau County, and ordering a joint trial. Order reversed, on the law, without costs or disbursements, the motion to transfer the District Court proceeding to the Supreme Court and consolidate it with the Supreme Court action is denied and the cross motion to dismiss the action is granted to the extent of dismissing the first, second, fourth, fifth and sixth causes of action. The first, fourth and fifth causes of action seek reformation of various terms of the lease. Since mistake is the gravamen of these causes of action, they are barred because the action was commenced more than six years after the lease was executed (CPLR 213, subd 6). Similarly barred is the sixth cause of action for money damages since it is dependent upon the viability of the fifth cause of action, i.e., reformation of the lease. The relief requested in the second cause of action is also that of reformation. To the extent that it alleges that certain payments of additional rent were incorrect and that the true amount thereof was to be computed by one of two contradictory clauses relating to the base year for computation, the true gravamen is that of money had and received. The second cause of action, then, is dismissed, not because of the Statute of Limitations (as in the case of the first, fourth and fifth causes of action) but because there is an adequate remedy at law, as is set forth in the third cause of action for damages. It is the latter which is the sole cause of action that survives. The transfer of the summary proceeding to the Supreme Court was made because of the presence of causes of action predicated upon reformation of the lease, a relief which the District Court had no power to grant. Since the causes of action for reformation are barred, the summary proceeding (based upon the lease as written) must be tried in the court of its inception. We note that to the extent that the third cause of action survives, plaintiff may assert the relevant allegations (i.e., those not based on reformation of the lease, but on one of the clauses thereof) in its answer in the summary proceeding. In the interest of judicial economy, the surviving issues should be tried in the District Court. Damiani, J. P., Lazer, Cohalan and Bracken, JJ., concur.