◼ Martin Wagman, Appellant, v Frederick Lagno et al., Respondents.—In an action by a judgment creditor to set aside an allegedly fraudulent conveyance, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme

Court, Queens County (Zelman, J.), dated July 28, 1987, as denied his motion for partial summary judgment on the first cause of action in his complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a judgment creditor of the defendant Frederick Lagno, commenced this action to set aside as fraudulent Mr. Lagno's conveyance of his interest as a tenant by the entirety in certain real property to his wife and cotenant, the defendant Josephine Lagno. Mr. Lagno conveyed his interest to Mrs. Lagno by deed executed on November 20, 1985, while he was a defendant in an action brought by the plaintiff which resulted in a judgment of $86,258.40 against him.

On his motion for partial summary judgment on his first cause of action alleging constructive fraud, the plaintiff creditor produced a copy of the deed which reflected a payment of a $60 real estate transfer tax, indicating a consideration for the conveyance of $15,000. The plaintiff creditor also produced an appraiser's affidavit, valuing the subject property at $225,000 on the date of conveyance. In opposition to the plaintiff's motion for summary judgment, Josephine Lagno submitted an affidavit stating that consideration for the conveyance of the property to her was an antecedent debt for child support and maintenance arrears due under a separation agreement entered into by the couple on August 26, 1980. Mrs. Lagno's affidavit did not set forth the amount of claimed arrears at the time of the conveyance. The separation agreement provided further that Mrs. Lagno should have exclusive possession of the subject property, which is the Lagnos' marital residence. The subject property was owned by the Lagnos as tenants by the entirety prior to the conveyance.

The plaintiff's motion for partial summary judgment on his first cause of action alleging constructive fraud pursuant to Debtor and Creditor Law § 273-a was properly denied. In order to establish the existence of a constructively fraudulent conveyance, the plaintiff creditor must prove that the conveyance from Mr. Lagno to Mrs. Lagno was made without "fair consideration" (Debtor and Creditor Law § 273-a). The question of what constitutes fair consideration is generally one of fact, to be determined under the circumstances of the particular case (Farmers Prod. Credit Assn. v Taub, 121 AD2d 681). Under the circumstances of this case, triable issues of fact are presented as to whether a $15,000 antecedent debt owed by Mr. Lagno to Mrs. Lagno for maintenance and child support arrears was fair consideration, since the value of Mr. Lagno's interest in

the property is diminished by Mrs. Lagno's right of survivorship in the tenancy by the entirety, and her right to exclusive possession of the premises pursuant to the separation agreement *(see, Marine Midland Bank v Murkoff,* 120 AD2d 122, *appeal dismissed* 69 NY2d 875; *Bank of N. Y. v Stauble,* 84 AD2d 530). Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.