■ TIGRAN ARRATHOON, Appellant, v EAST NEW YORK SAVINGS BANK, Respondent.—In an action, *inter alia,* for reformation or rescission of a lease, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 21, 1989, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1988 the plaintiff brought this reformation action, to reform a commercial lease executed in 1974, on the ground of mistake, to comport with the parties' alleged intentions as represented during their negotiations, or alternatively, to rescind the lease based on fraud. The defendant bank moved, *inter alia,* for summary judgment dismissing the complaint,

claiming that the action was barred by the Statute of Limitations. The court agreed with the bank and dismissed the complaint. We affirm.

CPLR 213 (6) provides that an action based upon mistake must be brought within six years of its accrual. When applying this limitation period to an action seeking reformation of a lease, it has been held that such an action accrues upon execution of the lease; therefore, an action grounded in mistake and brought more than six years after a lease was executed is time-barred *(Black v Mill Rd. Assocs.,* 86 AD2d 621). Thus, it is clear that the plaintiff's cause of action for reformation is time-barred.

With respect to the plaintiff's cause of action for rescission, assuming, *arguendo,* that the complaint alleges actual fraud, "the Statute of Limitations would be six years from the commission of the fraud or two years from the time the plaintiff discovered, or could with reasonable diligence have discovered, the fraud, whichever is later (CPLR 213, subd 8; 203, subd [f] )" *(Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353, 355-356). However, "[a] cause of action predicated upon the ground of constructive fraud must be commenced within six years from the date of the commission of the fraud (CPLR 213, subd 1)" *(Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353, 355-356, *supra).* Here, the plaintiff is clearly precluded from advancing his claim utilizing a constructive fraud theory as it was asserted more than six years after the alleged fraud. Moreover, since the plaintiff admitted that he did not read the executed lease either prior to, or at the time of, its execution, he cannot take advantage of the discovery rule with regard to actual fraud. "If the [plaintiff] could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent" *(Pimpinello v Swift & Co.,* 253 NY 159, 162-163). Accordingly, the plaintiff has failed to demonstrate reasonable diligence in discovering any actual fraud and his claim is barred by the Statute of Limitations. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.