■ LAWRENCE C. SCHOEN, as Court-Appointed Receiver of Flatbush Manor Care Center, Appellant, v ROY I. MARTIN, Respondent, et al., Defendants.—Order, Supreme Court, New York County (David B. Saxe, J.), entered May 14, 1992, which granted the defendant Roy I. Martin's motion to dismiss the complaint and denied plaintiff's request to replead, unanimously modified, on the law and in the exercise of discretion, to the extent of granting plaintiff permission to replead, and otherwise affirmed, without costs.

Plaintiff is the court-appointed receiver of a nursing home known as Flatbush Manor Care Center. The complaint alleges that the defendant Roy I. Martin represented Flatbush Manor in negotiating leases for land and equipment in 1980, while concealing the fact that he and his law firm were also acting as attorney, finder and broker for the lessors. Martin moved to dismiss the complaint as to him on grounds, as here pertinent, that the complaint did not allege fraud with the required specificity, and that in any event the action, commenced in 1991, was barred by the Statute of Limitations. The IAS Court granted the motion on both of the grounds advanced by the defendant.

We agree with the IAS Court that the complaint did not specify in sufficient detail the connection between the alleged dual representation, and the $1,000,000 in damages which

Flatbush Manor claims resulted from Martin's concealment. However, we disagree with the IAS Court's conclusion that the complaint, aside from the pleading deficiency, did not state a cause of action for actual, as opposed to constructive, fraud.

The essential substantive difference between actual and constructive fraud is that constructive fraud does not require an allegation of actual knowledge of the falsity of the representation by the defendant *(Del Vecchio v Nassau County,* 118 AD2d 615, 618; *Callahan v Callahan,* 127 AD2d 298, 301). Clearly, Martin's alleged nondisclosure of the dual representation, which is juridically equivalent to a misrepresentation *(Callahan v Callahan,* 127 AD2d, *supra,* at 300), could not have been unintentional, and consequently the complaint, if it had met the requirement of specificity, would have stated a cause of action for actual fraud.

The essential procedural difference between actual and constructive fraud is that a cause of action for actual fraud must be commenced within six years from the date of the fraudulent act or two years from the date the plaintiff discovered the fraud, or could with due diligence have discovered it, whichever is longer (CPLR 213 [8]; 203 [f]; *Del Vecchio v Nassau County,* 118 AD2d, *supra,* at 617). The "two years from the date of discovery" provision extending the Statute of Limitations beyond six years from the date of the fraudulent act does not apply to constructive fraud *(Arrathoon v East N. Y. Sav. Bank,* 169 AD2d 804, *lv denied* 77 NY2d 808). Since the plaintiff alleged discovery of the misrepresentation in 1990, i.e. within two years of the commencement of the action, and Martin did not submit evidence conclusively establishing that the fraud could have been discovered earlier with due diligence, a properly pleaded complaint, which we find would have stated a cause of action for actual fraud, would not be time-barred. Accordingly, although Martin's motion to dismiss for failure to state a cause of action was properly granted, the plaintiff should have been granted leave to replead *(see, Hornstein v Wolf,* 67 NY2d 721; *cf., Penna v Caratozzolo,* 131 AD2d 738). Concur—Sullivan, J. P., Carro, Asch and Rubin, JJ.