■ In the Matter of AMERICAN INVESTMENT BANK, N.A., Respondent, v MARINE MIDLAND BANK, N.A., Appellant. [595 NYS2d 537] —In a special proceeding brought pursuant to CPLR 5227 and 5239 to determine the rights of the parties in the property of Curtis J. Sittenfeld, the appeal is from a judgment of the Supreme Court, Westchester County (Ruskin, J.), dated March 5, 1991, which, upon an order of the same court, dated January 31, 1991, denying the appellant's motion for summary judgment and granting the petitioner's cross motion for summary judgment, set aside the appellant's security interests in certain stock certificates and a proprietary lease, pursuant to Debtor and Creditor Law § 278, and, upon the delivery of

the stock and lease to the Sheriff of Westchester County, directed the Sheriff to sell them and distribute certain proceeds to the petitioner to satisfy a prior judgment in favor of the petitioner in an action entitled *American Inv. Bank v Sittenfeld* (Westchester County Index No. 12003/88). The notice of appeal from a decision entered January 10, 1991, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, so much of the order dated January 31, 1991, as granted the petitioner's cross motion for summary judgment is vacated, and the petitioner's cross motion for summary judgment is denied.

This proceeding arises out of a conveyance by Curtis J. Sittenfeld to Marine Midland Bank of 88 shares of stock in Riverside Towers Corporation and the proprietary lease of Apartment 2G, 263 West End Avenue, New York, New York. The transfer was made in 1985 in order to provide the appellant with additional security for a prior loan that it had made to the IRAS Development Corporation (hereinafter IRAS), of which Sittenfeld was the president and majority stockholder. Sittenfeld had personally guaranteed the earlier loan to IRAS. When IRAS defaulted on the loan, the appellant had agreed to forbear from demanding immediate payment in full in return for the additional security posted by Sittenfeld.

The petitioner, who obtained a judgment against Sittenfeld and his brother due to their default on a loan it had extended to them in November 1987 commenced this proceeding to invalidate the appellant's security interest in the stock shares and the proprietary lease pursuant to Debtor and Creditor Law article 10. The Supreme Court granted summary judgment to the petitioner on the basis that the petitioner had established a fraudulent conveyance pursuant to Debtor and Creditor Law § 273 as a matter of law. We disagree and now reverse.

Under Debtor and Creditor Law § 273, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration". As is evident from the statute, "[b]oth insolvency and inadequacy of consideration are prerequisite to a finding of constructive fraud" *(Huit Corp. v Siskind,* 30 Misc 2d 598, 599; *see also, Schmitt v Morgan,* 98 AD2d 934; 30 NY Jur 2d, Creditor's

Rights and Remedies, § 262, at 178-179). The burden of proving both insolvency and the lack of fair consideration is upon the party challenging the conveyance (see, *Commercial Trading Co. v Potter Sec. Corp.*, 26 AD2d 761; *Marine Midland Bank v Murkoff*, 120 AD2d 122), and the determination of insolvency or what constitutes fair consideration is generally one of fact to be determined under the circumstances of the particular case (see, *Wagman v Lagno*, 141 AD2d 720; *Farmers Prod. Credit Assn. v Taub*, 121 AD2d 681; 30 NY Jur 2d, Creditor's Rights and Remedies, § 260, at 176-177).

In the instant case, there exists a triable issue of fact as to whether Curtis Sittenfeld received fair consideration for transferring the stock and lease to the appellant to secure the antecedent debt of IRAS. It is clear that an antecedent debt can constitute fair consideration within the meaning of the statute (see, *Ronga v Chiusano*, 97 AD2d 753; Debtor and Creditor Law § 272), and that the "[b]enefit to a debtor need not be direct; it may come indirectly through benefit to a third person" (*Klein v Tabatchnick*, 610 F2d 1043, 1047; *Rubin v Manufacturers Hanover Trust*, 661 F2d 979; *Republic Natl. Bank v Greenwald*, 132 AD2d 540). Here, Sittenfeld pledged stocks and a lease to the appellant in order to secure a loan, which he had personally guaranteed, made to IRAS, a business of which he was the majority shareholder. There is, therefore, a triable issue as to the benefit Sittenfeld received as a result of the transaction.

Moreover, we find that the petitioner's reliance upon an April 1987 financial statement was insufficient to establish that Sittenfeld was insolvent in 1985 (see, e.g., *Wilks v Greacen*, 155 App Div 623; *Park v Cowan*, 102 Misc 392, 399). Further, since there is a triable issue as to whether Sittenfeld received fair consideration for the transfer of the stock and lease, the petitioner is not entitled to summary judgment on the basis of any presumption of insolvency (see, *Ga Nun v Palmer*, 216 NY 603, 611; *Cohen v Benjamin*, 246 App Div 866; cf., *Marine Midland Bank v Murkoff, supra*). Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.