■ TIGRAN ARRATHOON, Respondent, v EAST NEW YORK SAVINGS BANK, Appellant. [620 NYS2d 975] —In an action, inter alia, for reformation or rescission of a lease, the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered October 9, 1992, as, after a nonjury trial, dismissed the defendant's counterclaim for the restitution of certain rent overpayments.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed so much of the defendant's counterclaim as demanded restitution of certain rent overpayments made in or after 1982, and substituting therefor a provision reinstating that portion of the counterclaim, and granting the defendant judgment on its counterclaim for recovery of excess rents paid in the principal sum of $61,950 together with interest thereon from the date of the commencement of this action; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The plaintiff sought reformation of an excess rent provision of a lease between the parties. That provision required that the defendant pay increased rent based, in part, upon a formula relating to the increase in the assessed value of certain land. The defendant counterclaimed, seeking the re-

turn of moneys allegedly mistakenly paid to the plaintiff based upon the plaintiff's statements of what it owed. In *Arrathoon v East N. Y. Sav. Bank* (169 AD2d 804), we affirmed a prior order of the Supreme Court dismissing the plaintiff's causes of action for reformation and/or rescission of the lease on the ground that they were barred by the applicable Statute of Limitations.

We agree with the defendant's contention that the terms of the lease are controlling, and therefore that it was established that it overpaid rent from the inception of the lease. It is therefore entitled to recover such overpayments (in the amount stipulated to by counsel) as are not barred by the applicable Statute of Limitations *(see, Manufacturers Hanover Trust Co. v Chemical Bank,* 160 AD2d 113; *cf., Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175; *Gimbel Bros. v Brooks Shopping Ctrs.,* 118 AD2d 532).

We have examined the plaintiff's contention and find it to be without merit. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.