(March 7, 1995)

█ ELISABETH MONACO et al., Respondents, v NEW YORK UNIVERSITY MEDICAL CENTER, Appellant, et al., Defendants. [623 NYS2d 566] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about May 17, 1994 which, *sua sponte,* deemed the complaint amended to allege a cause of action in fraud, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the complaint is dismissed.

Plaintiff Elisabeth Monaco was admitted to defendant hospital on May 26, 1982 and on May 30, 1982 underwent coronary bypass surgery, during which procedure she was administered 29 units of blood. Prior to the operation, plaintiff signed a consent form dated May 28, 1982 pursuant to which she agreed to the administration of blood transfusions and plasma if needed.

In March 1992, ten years after the operation, plaintiff tested positive for the HIV virus and was diagnosed with Acquired Immune Deficiency Syndrome ("AIDS"). Plaintiff attributes her condition to the transfusions received during the surgery.

The underlying action, which was commenced against the hospital, her cardiologist and the two physicians who performed the surgery, asserts that she did not learn she had been the recipient of blood transfusions until she was diagnosed with AIDS. Plaintiff further asserts that sometime before the operation was performed, an unidentified male member of the hospital staff, wearing a white hospital jacket, informed her that no transfusions would be needed after she had told him that if transfusions would be necessary, she had friends and relatives prepared to donate.

The complaint interposed five causes of action: departure from accepted medical practice; lack of informed consent; negligence; strict products liability; and loss of services on behalf of plaintiff's husband.

Defendants moved for summary judgment and the IAS Court dismissed the complaint as against the individual doctors as time-barred. No appeal has been taken from that ruling. The IAS Court also granted defendant hospital's motion for summary judgment dismissing the remaining causes of action but, *sua sponte,* deemed the complaint amended to assert a cause of action in fraud. This was error.

The cause of action for fraud interposed by the court on plaintiff's behalf fails for several reasons. First, it is well-settled that a cause of action sounding in actual fraud must be commenced within six years from the date of the fraudulent act or two years from the date the party discovered the fraud or could, with due diligence, have discovered it (CPLR 213 [8]; 203 [g]; *Schoen v Martin,* 187 AD2d 253, 254; *Smith v Sarkisian,* 63 AD2d 780, 781, *affd* 47 NY2d 878). Thus, even if a cause of action in actual fraud was stated, which it was not, it would be time-barred as the complaint was amended more than two years after plaintiff, by her own admission, discovered she had AIDS. In addition, the cause of action for fraud would not relate back to the time the action was commenced as the original complaint did not sufficiently state the circumstances constituting fraud to give the defendant hospital sufficient notice to save the claim (CPLR 203 [f]; *Martin v Edwards Labs.,* 60 NY2d 417, 429).

Furthermore, the two-year discovery provision which extends the Statute of Limitations beyond the six-year period to two years from the date of the fraudulent act does not apply to constructive fraud *(Schoen v Martin, supra,* at 254; *Arrathoon v East N. Y. Sav. Bank,* 169 AD2d 804, *lv denied* 77 NY2d 808).

A cause of action sounding in constructive fraud, unlike actual fraud, does not require an assertion that the defendant had actual knowledge of the falsity of the representation *(Schoen v Martin, supra,* at 254; *Callahan v Callahan,* 127 AD2d 298, 301). A review of the complaint reveals the absence of any claim of scienter, making it impossible to discern a cause of action for actual fraud. As a result, the plaintiff's claim for fraud, if one is presumed to exist, is for constructive fraud and is therefore time-barred as the action was commenced more than six years after the transfusions and was amended more than two years after the discovery.

In addition to being time-barred, fraud is not sufficiently pleaded. In order to set forth a cause of action in fraud, there must be allegations of a representation of a material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by plaintiff and resulting injury *(Callas v Eisenberg,* 192 AD2d 349, 350; *Megaris Furs v Gimbel Bros.,* 172 AD2d 209; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778).

Each of the foregoing elements must be supported by factual allegations sufficient to satisfy CPLR 3016 (b) *(Megaris Furs v Gimbel Bros., supra,* at 209-210; *Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249, 257).

Nowhere in the complaint does plaintiff state that the unidentified man in the white jacket knew or should have known blood was going to be needed during the surgery or that he intentionally or knowingly imparted this false information upon which plaintiff relied to her detriment.

Instead, plaintiff alleges in the complaint that the defendants "should have known" the blood was potentially dangerous which, while it might support a claim of negligence, is inadequate to sustain a cause of action for fraud. While we are cognizant of the fact that leave to amend should be freely granted (CPLR 3025 [b]), such leave should be denied where the proposed pleading fails to state a cause of action *(Crimmins Contr. Co. v City of New York,* 74 NY2d 166, 170; *Stroock & Stroock & Lavan v Beltramini,* 157 AD2d 590, 591). Such is the case herein.

Considering the absence of any apparent substance to a cause of action for fraud, the fact that even if a cause of action for fraud, actual or constructive, did exist, it would be time-barred, and that plaintiff never moved to amend the complaint, the court clearly abused its discretion when it endeavored to correct the deficiency in the complaint by deeming it amended. Concur—Murphy, P. J., Kupferman, Williams and Tom, JJ.