■ PEN PAK CORP. et al., Appellants-Respondents, v LASALLE NATIONAL BANK OF CHICAGO, Respondent-Appellant, et al., Defendant. [658 NYS2d 407] —In an action, *inter alia,* to recover damages for goods sold and delivered and to set aside fraudulent conveyances, (1) the plaintiffs appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated March 20, 1996, which, *inter alia,* denied their motion for summary judgment on the second amended complaint and granted those

branches of the cross motion of the defendant LaSalle National Bank of Chicago which were for summary judgment dismissing the first, second, third, fifth, sixth, seventh, ninth, tenth, eleventh, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twenty-first, twenty-second, twenty-third, twenty-fifth, twenty-sixth, twenty-seventh, twenty-ninth, thirtieth, thirty-first, and thirty-third causes of action asserted in the plaintiffs' second amended complaint, and (2) the defendant LaSalle National Bank of Chicago cross-appeals from so much of the same order as denied those branches of its cross motion which were to dismiss the fourth, eighth, twelfth, sixteenth, twentieth, twenty-fourth, twenty-eighth, and thirty-second causes of action asserted in the second amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the cross motion of the defendant LaSalle National Bank of Chicago which were for summary judgment dismissing the second, sixth, tenth, fourteenth, eighteenth, twenty-second, twenty-sixth, thirtieth, and thirty-third causes of action asserted in the plaintiffs' second amended complaint, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

This action arises from the sale of the assets of one corporation to another corporation formed specifically for that purpose, and the assumption by the purchasing corporation of the outstanding debt the selling corporation owed to the defendant Nova Scotia Foods, Inc. The plaintiffs, creditors of both the selling and the purchasing corporations, contend, *inter alia,* that the transaction at issue left the purchasing corporation with unreasonably small capital and was therefore fraudulent under Debtor and Creditor Law § 274. On the parties' respective motions for summary judgment, the trial court dismissed all of the causes of action in the second amended complaint which were asserted under Debtor and Creditor Law §§ 273, 274, and 275. This was error.

The parties concede that the value of the assets purchased was far less than the debt assumed. The plaintiffs allege that the transaction essentially left the new corporation as a shell, was a fraudulent conveyance, and deprived them of the right and ability to collect on their subsequent outstanding debt. The plaintiffs raised issues of fact as to whether the transaction lacked fair consideration *(see,* Debtor and Creditor Law § 272; *Matter of American Inv. Bank v Marine Midland Bank,*

191 AD2d 690, 691-692; *Marine Midland Bank v Murkoff,* 120 AD2d 122, 126; *United States v McCombs,* 30 F3d 310), and whether the purchasing corporation had virtually no capital within its control afterward. It was therefore error for the court to dismiss these causes of action as a matter of law *(see,* Debtor and Creditor Law §§ 272, 274; *Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Alvarez v Prospect Hosp.,* 68 NY2d 320).

The court correctly denied so much of the cross motion of the defendant LaSalle National Bank of Chicago as sought dismissal of the causes of action asserted in the second amended complaint under Debtor and Creditor Law § 276. Direct evidence of fraudulent intent is often elusive. Therefore, courts "will consider 'badges of fraud' which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" *(MFS/ Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co.,* 910 F Supp 913, 935). In this case the badges of fraud include (1) the close relationship among the parties to the transaction, (2) the inadequacy of consideration, (3) the transferor's knowledge of the creditor's claims, or claims so likely to arise as to be certain, and the transferor's inability to pay them, and (4) the retention of control of property by the transferor after the conveyance *(MFS/ Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co., supra,* at 935). Under these circumstances, it was not error to deny the defendant's cross motion insofar as it was to dismiss those causes of action predicated on actual fraud.

The parties' remaining contentions are without merit. O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.