■ FTP, INCORPORATED, Appellant-Respondent, v AIR RESPONSE, INC., Respondent-Appellant. [720 NYS2d 260] —Mercure, J. P. Cross appeals from an order of the Supreme Court (Teresi, J.), entered November 16, 1999 in Albany County, which denied plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.

In March 1998 plaintiff loaned $150,000 to Proflight Medical Response, Inc. Proflight defaulted on the loan and, in September 1998, plaintiff obtained a judgment against it for the full amount of the loan together with interest, costs and disbursements. The judgment against Proflight remains unsatisfied. Plaintiff then brought this action to recover from defendant the amount due on the Proflight judgment based upon allegations that Proflight made fraudulent transfers to defendant in forgiving a $200,000 loan owed to it by defendant, in providing certain of the costs of defendant's operations free of charge and in selling defendant an aircraft for $255,000 under its market value. Following joinder of issue, plaintiff moved for summary judgment for the relief demanded in the complaint and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied both the motion and the cross motion, and the parties cross-appeal.

We affirm. In support of its summary judgment motion, plaintiff presented a Securities and Exchange Commission document filed by Proflight showing that, in 1997, defendant combined its operations with Proflight in anticipation of an initial public offering involving Proflight's acquisition of defendant. In that document, Proflight reveals that it sold defendant a Lear Jet for $255,000 under market value and also that it loaned $200,000 to defendant as an incentive for agreeing to the proposed acquisition, but 18 months later[1] forgave repayment of all principal and interest of the loan as consideration

1. Proflight forgave defendant's $200,000 indebtedness on March 10, 1998, the same day that Proflight borrowed the $150,000 that formed the basis for plaintiff's subsequent judgment against Proflight.

for defendant's further agreement to extend the acquisition deadline.[2]

In opposition to the motion, defendant acknowledged Proflight's forgiveness of the $200,000 loan but submitted an affidavit of its principal stating that defendant was by no means controlled by Proflight and that, although sharing a facility in Colorado, the two companies were kept separate and each paid all costs of its own operation. The affidavit also stated that defendant's agreement to extend the original June 1, 1997 closing date for the acquisition constituted fair consideration for waiver of the $200,000 loan as it not only provided Proflight with a further opportunity to satisfy the conditions precedent to the acquisition but also had the effect of preventing defendant from negotiating with other possible purchasers and pursuing other more promising options. In addition, defendant presented an affidavit from Mark Ritacca, a professional aircraft broker, opining that defendant's $2,222,000 payment for the 1977 Lear Jet Model 35A was within the fair market value range for the aircraft.

We agree with Supreme Court that the parties' contradictory evidentiary showings raise material issues of fact precluding a grant of summary judgment on the question of whether, pursuant to Debtor and Creditor Law § 272, defendant provided "fair consideration" for the transfers alleged to have been made to it by Proflight (*see, Rebh v Rotterdam Ventures*, 252 AD2d 609, 611; *Pen Pak Corp. v LaSalle Natl. Bank*, 240 AD2d 384, 385-386).

The parties' remaining contentions are either unpreserved for our review or have been considered and found to be unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** The initial public offering never became effective, and defendant never merged with Proflight.