SECOND DEPARTMENT, JULY, 1974

(July 29, 1974)

■ AETNA CASUALTY AND SURETY COMPANY, Respondent, v. A. STAR ALTERATION SALES, INC., et al., Defendants, and GERTRUDE BABCOCK et al., Appellants.— In an action for a declaratory judgment with respect to plaintiff's status as an insurer in a separate negligence action in which defendants Lovetre and Babcock are suing plaintiff's insured, A. Star Alteration Sales, Inc., and one Emerson Montalvo, for injuries sustained as a result of an auto accident in which Montalvo was the driver, defendants Lovetre and Babcock appeal from an order of the Supreme Court, Orange County, entered March 21, 1974, which granted plaintiff's motion for summary judgment and adjudged that plaintiff's insured, A. Star Alterations, Inc., was not the owner of the car involved in the accident; and that, in the event of a judgment in favor of Lovetre and/or Babcock in the separate action, plaintiff would not be liable as indemnitor. Order reversed, on the law and the facts, with costs, and case remanded for trial on the issue of ownership of the vehicle at the time of the accident. Collateral estoppel may not be invoked by parties in a former action against persons who were not parties in that former action. The doctrine of mutuality of estoppel became "inoperative" under *B. R. DeWitt, Inc.* v. *Hall* (19 N Y 2d 141) only insofar as it became available for invocation by persons who were not parties in the first action against persons who were parties in the former action, and not conversely. The testimony of the former trial, to which appellants were not parties, along with an affidavit of counsel, formed the basis of the lower court's finding that plaintiff Aetna had made out a prima facie case of nonownership of the vehicle in its insured, A. Star Alteration Sales, Inc. This testimony, which appellants had no opportunity to question, was no more conclusive than the sworn affidavit of an interested party. Without the actual bill of sale, the note, the Uniform Commercial Code filing, the chattel mortgage and the accident report, referred to in the trial testimony but not included in the affidavit in support of the motion, it was error for the trial court to give more credence to the sworn statements submitted by plaintiff than it gave to the sworn statements of defendants. Accordingly, we reverse and remand for a trial on the issue of ownership of the auto. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

■ A. J. ARMSTRONG CO., INC., Respondent, v. MELVIN HALIKMAN et al., Appellants.— In an action on a guarantee and to adjudge a conveyance of real property a fraud and nullity and to set it aside as in violation of the rights of creditors, defendants appeal from an order of the Supreme Court, Nassau County, dated April 20, 1973, which denied their motion for summary judgment dismissing the second cause of action, which seeks to set aside the said conveyance. Order reversed, on the law, with $20 costs and disbursements, and the motion to dismiss the second cause of action granted. The proof submitted on this motion for summary judgment conclusively establishes that the conveyance from defendant husband to his wife was not in fraud of creditors. The moneys used for the down payment and for the payment of a second mortgage were exclusively those of the defendant wife. The deed prepared by the seller's attorney ran only to the wife. The husband's name was inserted by hand in the deed pursuant to the requirement of a bank that both spouses be liable on the mortgage and that both names appear on the

deed. The husband deeded his interest in the property to the wife immediately after the closing and both deeds were recorded on the same day. These uncontradicted facts demonstrate that at the time of the conveyance of the property to the defendants the husband held his interest in trust for his wife (cf. *Foreman* v. *Foreman*, 251 N. Y. 237). Consequently, it cannot be held that his subsequent but almost simultaneous conveyance of his interest to his wife was for less than fair consideration (see Debtor and Creditor Law, § 273). Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.