In the Matter of HAROLD F. KANE, Respondent, v CITY OF BINGHAM-

TON et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered August 25, 1977 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking his reinstatement as a disabled fireman and the restoration of his sick leave. Petitioner was employed by appellant, City of Binghamton, as a fireman when, on December 15, 1960, he was injured in the course of fighting a fire when a ladder fell on him. As a result, he was disabled and out of work until January 26, 1961, and during this idle period he was compensated by the city pursuant to section 207-a of the General Municipal Law. Upon his return to his job, he continued to perform his regular duties until March 9, 1976, at which time he ceased working apparently because he was suffering from nonjob related diabetes, pneumonia and diverticulosis. He was thereafter carried on the city's payroll on sick leave until July of 1977 when, his sick leave exhausted, he was terminated. In the meantime, in June of 1977, petitioner had demanded from the city that it pay him his full salary and benefits pursuant to section 207-a of the General Municipal Law because he was disabled due to an injury sustained in the line of duty. His demands went unsatisfied, however, and he thereupon commenced the instant article 78 proceeding wherein, alleging that as of December 13, 1976 he was unable to return to work because of his job-related injury sustained in December of 1960, he seeks reinstatement to the city's payroll as a disabled fireman under section 207-a and the restoration of all his sick leave. Based upon a decision of the Workmen's Compensation Board, filed April 21, 1977, in which it was determined the petitioner was disabled from December 3, 1976 to April 21, 1977 as a result of his 1960 accident, Special Term concluded that appellants were barred from relitigating the issue of causal relationship between the subject accident and petitioner's present disability, and the court further found that the record was devoid of support for appellants' contention that petitioner's present disability arose out of activities subsequent to his leaving the regular employ of the city. Accordingly, it granted a judgment directing respondents to reinstate petitioner as a disabled fireman under section 207-a and to restore his sick leave credit. The present appeal ensued. We hold that the judgment of Special Term must be reversed. In so ruling, we conclude that it was error for the court to bar appellants from litigating the causal relationship issue. Although the basis for Special Term's determination to that effect was the April 21, 1977 decision of the Workmen's Compensation Board wherein a causal relation was found to exist between petitioner's disability and the 1960 accident, it is most significant that petitioner and the Special Fund for Reopened Cases, but not appellants, were the parties in interest to the proceedings culminating in the subject board decision because the passage of time since the date of injury and the date of the last payment of compensation had terminated the city's liability for the payment of further compensation to petitioner (see Workmen's Compensation Law, § 25-a). Such being the case, appellants have never had "a full and fair opportunity to contest the decision now said to be controlling" (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71), and, therefore, they cannot be estopped by said decision from litigating the causal relationship question (cf. Aetna Cas. & Sur. Co. v A. Star Alteration Sales, 45 AD2d 995, app dsmd 35 NY2d 955). In conclusion, we would finally note that, upon the instant record, a factual dispute remains relative to the issue of causal relationship and that the medical reports submitted by petitioner provide an inadequate basis by themselves for the resolution thereof (cf. Matter of Ford v Burns, 28 AD2d 1157). Accordingly, this matter must be remitted to Special Term for a hearing on

this issue. Judgment reversed, on the law and the facts, without costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.