■ Stanslaw Polkowski et al., Appellants, v Qeram Mela, Also Known as Qeram Melja, et al., Respondents.—In an action, *inter alia,* pursuant to Debtor and Creditor Law article 10 to set aside a transfer of real property, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Kuffner, J.), dated February 17, 1987, which, after a nonjury

trial, dismissed their complaint and held that title to the property in question shall remain in the name of the defendant Alije Melja.

Ordered that the judgment is reversed, on the law and the facts, with costs, the plaintiffs are awarded judgment on the first cause of action declaring null and void the transfer of the subject property from Qeram Mela, also known as Qeram Melja, to Alije Melja, and the matter is remitted to the Supreme Court, Richmond County, for a determination of the amount of attorneys' fees to be awarded to the plaintiffs.

In February 1983 the plaintiff Stanslaw Polkowski was shot several times by the defendant Qeram Mela, also known as Qeram Melja (hereinafter Qeram Melja). Qeram Melja was subsequently convicted upon his plea of guilty to assault in the first degree based upon that incident. Thereafter, on January 25, 1984, the plaintiffs filed a summons and complaint in a diversity action for money damages with the Clerk of the United States District Court for the Southern District of New York. One month later, on February 29, 1984, Qeram Melja conveyed his interest in certain real property valued at $83,000 to his wife, the codefendant Alije Melja. The deed did not reflect that any real property transfer tax had been paid and indicated that the conveyance had been made for no consideration. On March 3, 1984, following unsuccessful efforts on February 28, 1984 and March 1, 1984 to effect personal service, the summons and complaint in the Federal action were affixed to the door of the premises and on March 6, 1984, a copy thereof was mailed to the premises. By judgment dated May 14, 1985, the plaintiffs were awarded $598,452.94. The judgment remains unsatisfied. The plaintiffs seek to set aside the transfer of the subject premises as fraudulent under the Debtor and Creditor Law.

Initially, we find that the trial court correctly concluded that Debtor and Creditor Law § 273-a is inapplicable to this case. That statute, insofar as relevant, creates a presumption that a conveyance made without fair consideration is fraudulent as to the plaintiff in an action for money damages "when the person making it is a defendant in [said action,] * * * without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment" (Debtor and Creditor Law § 273-a; see, Schoenberg v Schoenberg, 113 Misc 2d 356, mod on other grounds 90 AD2d 827). For purposes of this proceeding the question of when the diversity action was commenced and the defendant became a defendant therein is a substantive rather than a

procedural matter and, therefore, is governed by State law rather than Federal law *(see, Walker v Armco Steel Corp.,* 446 US 740; *Erie R. R. Co. v Tompkins,* 304 US 64). Accordingly, we conclude that the action was commenced when process was served (CPLR 304) rather than when the summons and complaint were filed (Fed Rules Civ Pro, rule 3).

However, we disagree with the trial court's determination that the evidence at trial failed to establish that the conveyance was made with an actual intent to defraud and find that that determination is against the weight of the evidence *(see, Matter of Fasano v State of New York,* 113 AD2d 885). Upon our review of the facts, we find that plaintiff established by clear and convincing evidence an actual intent to defraud and that the conveyance should be set aside *(see,* Debtor and Creditor Law § 276; *Marine Midland Bank v Murkoff,* 120 AD2d 122, *appeal dismissed* 69 NY2d 875). The record is replete with indicia of fraud *(see, Matter of Gafco, Inc. v H.D.S. Mercantile Corp.,* 47 Misc 2d 661). First, the consideration alleged to have been·paid by the wife for the premises (i.e., bail and attorneys' fees) was disproportionately small compared to the value of the property *(see, Schoenberg v Schoenberg, supra).* Moreover, the fact that the transfer was an intrafamily conveyance is yet further evidence of possible fraud *(see, Marine Midland Bank v Murkoff, supra).* The deed itself indicated that the conveyance had been made for no consideration whatsoever. There is no question but that at the time of the transfer, Qeram Melja, having shot the plaintiff, was aware of the existence of a potential claim against him. It is also worth noting that an attempt to effect personal service was made on the day before the transfer. We are satisfied that, under the circumstances, the plaintiff established the existence of a fraudulent intent on the part of Qeram Melja at the time he made the conveyance *(see, Marine Midland Bank v Murkoff, supra; Flushing Sav. Bank v Parr,* 81 AD2d 655, *appeal dismissed* 54 NY2d 770). Additionally, once, the plaintiff established an actual intent to defraud, he became entitled to recover reasonable attorneys' fees (Debtor and Creditor Law §§ 276, 276-a) and the matter is accordingly remitted to the trial court in order to fix the amount of those fees. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.