(February 24, 1992)

■ AMEV CAPITAL CORPORATION, Respondent, v RICHARD KIRK et al., Appellants.—In an action, *inter alia,* to recover on a guarantee of a promissory note, the defendants appeal from

a judgment of the Supreme Court, Westchester County (Di-Fede, J.H.O.), entered March 20, 1990, which (1) set aside a deed dated July 23, 1979, from the defendant Richard Kirk to the defendant Janet M. Kirk, as a fraudulent conveyance, so as to restore ownership to those parties as it existed immediately prior to the execution of that deed, as tenants by the entirety, and (2) is in favor of the plaintiff and against them in the sum of $853,504.64.

Ordered that the judgment is affirmed, with costs.

By deed dated July 23, 1979, the appellant Richard Kirk transferred his one-half interest in his Chappaqua residence to his wife, the appellant Janet M. Kirk. The deed was not recorded until July 10, 1987, eight years later. From the facts and circumstances surrounding the transfer, the trial court found clear and convincing evidence of a fraudulent conveyance. We agree.

Under New York's Debtor and Creditor Law § 276 a conveyance, including a transfer of real property (see, Debtor and Creditor Law § 270), is fraudulent if it is made with the actual intent to defraud one's present or future creditors. Clear and convincing evidence that the appellant Richard Kirk harbored such an intent can be inferred from the present circumstances (see, Marine Midland Bank v Murkoff, 120 AD2d 122, 128).

The testimony and documentary evidence submitted at trial showed that while the appellant Richard Kirk reported very little income in 1979, his expenditures on behalf of a corporation of which he was the sole shareholder were substantial. Moreover, the corporation had entered into several multimillion-dollar option contracts to purchase and/or lease land. The first such agreement was signed in July 1979, the same month that Richard Kirk made the real property conveyance to his wife. Other evidence showed that the deed was not recorded until July 1987, the same month that another of Richard Kirk's companies was threatened with bankruptcy.

In addition to the foregoing indicia of the appellant Richard Kirk's fraudulent intent, there is the belated recording of the deed allowing him to retain possession and apparent ownership of the property in order to obtain credit, and the husband-wife relationship of the parties to the transfer (see, Loos v Wilkinson, 110 NY 195, 211; Savage v Murphy, 34 NY 508; Polkowski v Mela, 143 AD2d 260, 262; Marine Midland Bank v Murkoff, supra, at 128; see also, 30 NY Jur 2d, Creditors' Rights and Remedies, §§ 274, 275, 277).

We further find that there existed clear and convincing

evidence of the appellant Richard Kirk's fraudulent intent under Debtor and Creditor Law § 275. The intra-family conveyance was made for nominal consideration with Richard Kirk's intent or belief, under the circumstances, that he would incur debts beyond his ability to pay as they matured.

The respondent additionally pleaded and proved all the elements of a prima facie case of common-law fraud (see, Jo Ann Homes v Dworetz, 25 NY2d 112, 119). The appellant Richard Kirk's May 31, 1985, net worth statement contained the material misrepresentation that he owned the Chappaqua property with an estimated value of $500,000. The respondent was induced to make a one million dollar loan on July 10, 1985, to Richard Kirk by relying on this misrepresentation which Kirk knew to be false. The respondent suffered monetary damages as a result of its reliance thereon.

We have examined the appellants' remaining contentions and find them devoid of merit. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.