■ EDWARD BRADLEY, Respondent, v KEN KRAEMER et al., Defendants, and KEN-SALS REALTY HOLDING CORP., Appellant. (Action No. 1.) SANDRA L. MCKENNA, as Administratrix of the Estate of LEWIS BERLINER, Deceased, Respondent, v KEN

KRAEMER et al., Defendants, and KEN-SALS REALTY HOLDING CORP., Appellant. (Action No. 2.) [594 NYS2d 308] —In two actions pursuant to Debtor and Creditor Law § 276, the defendant Ken-Sals Realty Holding Corp. appeals from two judgments (one in each action) of the Supreme Court, Orange County (Fitzer, J.H.O.), both entered April 20, 1990, which, after a joint nonjury trial, and upon the denial by the Judicial Hearing Officer of the appellant's application to set aside its decision, set aside a conveyance of real property and awarded attorneys' fees to the plaintiffs.

Ordered that the judgments are affirmed, with one bill of costs.

The Judicial Hearing Officer's determination to set aside a transfer of real property from Ken and Nicolette Kraemer to Ken-Sals Realty Holding Corp. (hereinafter Ken-Sals) was proper. Under New York's Debtor and Creditor Law § 276 a conveyance, including a transfer of real property, is fraudulent if it is made with the actual intent to defraud one's present or future creditors. Clear and convincing evidence that the debtor Ken Kraemer harbored such an intent in effecting the transfer of real property from himself and his wife, Nicolette Kramer, to Ken-Sals can be inferred from the present circumstances (see, AMEV Capital Corp. v Kirk, 180 AD2d 775; Marine Midland Bank v Murkoff, 120 AD2d 122, 128).

The testimony and documentary evidence submitted at the trial demonstrates that the full sales price paid by Ken-Sals was zero dollars, and that the transaction was not at arm's length. The evidence additionally establishes that the conveyance was between related companies, and partners in business. Moreover, the conveyance was made on April 10, 1986, 14 days before Ken-Sals, the alleged buyer of the property, was even incorporated.

In view of the evidence, we conclude that the awards of attorneys' fees to the plaintiffs were proper (see, Debtor and Creditor Law § 276-a). The appellant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.