■ APPLE BANK FOR SAVINGS, Respondent, v VALERIE CONTARATOS et al., Appellants. [612 NYS2d 51] —In an action by a judgment creditor pursuant to Debtor and Creditor Law article 10 to set aside a transfer of real property, the defendants appeal from (1) an order of the Supreme Court, Queens County (Lerner, J.), dated April 14, 1992, which confirmed a report of a Judicial Hearing Officer, and (2) a judgment of the same court, entered June 8, 1992, which, pursuant to the report of the Judicial Hearing Officer, vacated the deed and awarded attorneys' fees to the plaintiff.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order dated April 14, 1992, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order dated April 14, 1992 are

brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

We find, contrary to the defendants' contentions, that the circumstances of the present case provide clear and convincing evidence that the defendant Valerie Contaratos harbored actual intent to defraud present and future creditors by conveying real property to her daughter (see, Debtor and Creditor Law § 276; see, Bradley v Kraemer, 191 AD2d 408, 409; Marine Midland Bank v Murkoff, 120 AD2d 122). The evidence at trial before the Judicial Hearing Officer showed that Valerie Contaratos conveyed the property to her 19-year-old daughter for only $10 with knowledge of a claim against her by the plaintiff. The fact that this was an intrafamily conveyance is further evidence giving rise to an inference of fraud (see, Polkowski v Mela, 143 AD2d 260, 262; Marine Midland Bank v Murkoff, supra). The evidence at trial also demonstrated that this property was the only major asset of Valerie Contaratos, and that she remained residing on the property after the conveyance.

To the extent that the defendants argue that there was fair consideration for the conveyance because the property was given as a dowry in contemplation of the daughter's marriage, such an argument is irrelevant when there has been a finding of actual intent to defraud (see, Debtor and Creditor Law § 276; United Parcel Serv. v Norris Corp., 102 Misc 2d 231). Whether fair consideration has been given is only relevant in an action to declare a conveyance invalid based upon constructive fraud (see, Debtor and Creditor Law § 273-a). In any event, even if the conveyance in this case was based upon "love and affection", this does not constitute fair consideration (see, Rush v Rush, 19 AD2d 846; Farino v Farino, 113 Misc 2d 374, 385; Orbach v Pappa, 482 F Supp 117).

In view of the evidence, we conclude that the award of attorneys' fees was proper (see, Debtor and Creditor Law § 276-a). The defendants' remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.