■ ROBERT DILLON et al., Respondents-Appellants, v HOWARD DEAN et al., Appellants-Respondents. [682 NYS2d 78] —In an action, *inter alia,* to set aside a conveyance of real property as fraudulent and for attorney's fees, (1) the defendants appeal from (a) an order of the Supreme Court, Rockland County (Weiner, J.), dated January 9, 1998, which, after a hearing on the plaintiffs' motion pursuant to Debtor and Creditor Law § 276-a for an award of attorney's fees, held that the plaintiffs were entitled to attorney's fees in the principal sum of $15,000, and (b) a judgment of the same court, entered February 2, 1998, awarding the plaintiffs attorney's fees in the principal sum of $15,000, and (2) the plaintiffs cross-appeal, as limited by their brief, from (a) so much of the order as held that they were entitled to attorney's fees in the principal sum of only $15,000, and (b) so much of the judgment as awarded them attorney's fees in the principal sum of only $15,000.

Ordered that the appeal and cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is modified, as a matter of discretion, by deleting the provision thereof awarding the plaintiffs attorney's fees in the principal sum of $15,000, and substituting therefor a provision awarding them attorney's fees in the principal sum of $26,000; as so modified, the judgment is affirmed and the order is amended accordingly; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom

terminated with the entry of judgment upon the order (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (CPLR 5501 [a] [1]).

This Court has already found, as a matter of law, that "the act of the defendant Howard Dean of transferring this property, at a time when an action was pending contesting the propriety of his ownership of that property, to a corporation solely owned by him, was done with the intent to 'hinder, delay or defraud'" (*Dillon v Dean,* 236 AD2d 360, 361). Accordingly, the plaintiffs are entitled to an award of attorney's fees pursuant to Debtor and Creditor Law § 276-a (*see, Polkowski v Mela,* 143 AD2d 260, 262).

As the Court of Appeals has held: "Long tradition and just about a universal one in American practice is for the fixation of lawyers' fees to be determined on the following factors: time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (*Matter of Freeman,* 34 NY2d 1, 9).

Considering those factors, we conclude that the award to the plaintiffs for attorney's fees should be increased from $15,000 to $26,000.

The defendants' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.