■ In the Matter of EUGENE CAPALBO, Appellant, v ELAINE CAPALBO, Respondent. [682 NYS2d 431] —In a proceeding pursu-

ant to CPLR 5239 to vacate an execution of a judgment against certain real property, the appeal is from an order of the Supreme Court, Westchester County (Donovan, J.), dated November 20, 1997, which, *inter alia*, granted the cross motion of Elaine Capalbo to set aside a conveyance of the property as fraudulent, and awarded attorneys' fees.

Ordered that the order is affirmed, with costs.

This appeal concerns long, frustrated efforts by Elaine Capalbo to collect child support arrears from Eugene Capalbo, her former husband. We now affirm an order which, *inter alia*, permitted Elaine to enforce a judgment she obtained against Eugene, by execution upon certain real property located at 275 Broadfield Road in New Rochelle.

The relevant chronology of events may be stated as follows: Elaine and Eugene were divorced in 1966. By 1973 Eugene had remarried and transferred the property to his second wife, Madeline Capalbo. In 1986 Madeline donated the subject property to a 10-year and one month educational trust for the benefit of her two minor children. Upon termination of the trust in 1996, the subject property was to revert back to her. In January 1989 Elaine obtained and docketed a judgment against Eugene for child support arrears in the amount of $53,109. In 1991 Eugene and Madeline divorced. The divorce judgment provided that the subject property was to be considered marital property and that, upon the termination of the trust in 1996, the property would not revert solely to Madeline, but rather would be sold and the proceeds divided equally between Eugene and Madeline. However, by deed dated December 7, 1995, just months before the educational trust was to terminate, Eugene purported to convey the property to his brother, Arthur Capalbo, for the stated consideration of $10. By quitclaim deed dated December 13, 1995, Eugene "confirmed" the conveyance. By deed dated December 27, 1995, Arthur, for no consideration, purported to convey the property to a trust in favor of an infant child from Eugene's second marriage, with Eugene as trustee. By stipulation dated November 19, 1996, Eugene and Madeline agreed to modify their divorce judgment by, *inter alia*, providing that Madeline relinquished any interest in the property upon the payment to her of certain consideration. On November 22, 1996, Elaine's attorney issued an execution to the Sheriff of Westchester County in an attempt to enforce her 1989 judgment against Eugene by a levy on the property. A sheriff's sale was scheduled for June 1997. However, Eugene commenced the instant proceeding to vacate the execution, asserting that he had no ownership interest in

the property, and obtained a stay of the sale. Eugene argued that since 1973 his sole interest in the property was that of a trustee. Elaine thereafter moved to set aside the three December conveyances between Eugene and Arthur as fraudulent as against her. The court granted her motion, and we affirm.

Contrary to Eugene's arguments on appeal, the above chronology of events and the other evidence before the trial court clearly established that the three December transactions between Eugene and his brother were fraudulent as against Elaine pursuant to Debtor and Creditor Law §§ 273-a and 276 (*see, Pen Pak Corp. v LaSalle Natl. Bank,* 240 AD2d 384, 386; *Apple Bank for Sav. v Contaratos,* 204 AD2d 375; *Grumman Aerospace Corp. v Rice,* 199 AD2d 365; *Bradley v Kraemer,* 191 AD2d 408; *Polkowski v Mela,* 143 AD2d 260; *Marine Midland Bank v Murkoff,* 120 AD2d 122). Further, because, pursuant to the 1991 judgment of divorce terminating the marriage between Eugene and Madeline and the 1996 modification thereto, Eugene has an ownership interest in the property, and Elaine is entitled to execute her 1989 judgment against it.

The award of attorneys' fees was proper (*see,* Debtor and Creditor Law § 276-a; *Fread v Grabowski,* 159 AD2d 550; *Polkowski v Mela,* 143 AD2d 260, *supra; Marine Midland Bank v Murkoff,* 120 AD2d 122, *supra*).

Eugene's remaining contentions are without merit. Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.