■ WESLEY FORD, Appellant, v JOHN J. MARTINO et al., Respondents. [722 NYS2d 574] —In an action to set aside a conveyance of real property as fraudulent, the plaintiff appeals

from (1) an order of the Supreme Court, Nassau County (Gewanter, J.), entered December 8, 1999, which, after a nonjury trial, *inter alia*, dismissed the complaint, and (2) an order of the same court (Lockman, J.), entered December 17, 1999, which denied his motion pursuant to CPLR 3025 (c), among other things, in effect, to conform the pleadings to the proof at trial.

Ordered that the order entered December 8, 1999, is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages and a reasonable attorney's fee, in accordance herewith; and it is further,

Ordered that the order entered December 17, 1999, is reversed, on the law and as a matter of discretion, and the motion is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

In determining that there was an insufficient basis pursuant to Debtor and Creditor Law § 276 to set aside the subject conveyance, the Supreme Court erroneously required the plaintiff to demonstrate a lack of consideration and insolvency (*see,* Debtor and Creditor Law § 276; *Wall St. Assocs. v Brodsky,* 257 AD2d 526; *Apple Bank for Sav. v Contaratos,* 204 AD2d 375). Moreover, once the plaintiff successfully established actual intent to defraud pursuant to Debtor and Creditor Law § 276, he was entitled to a reasonable attorney's fee (*see,* Debtor and Creditor Law § 276-a; *Apple Bank for Sav. v Contaratos, supra; Bradley v Kraemer,* 191 AD2d 408).

Further, pursuant to CPLR 3025 (c), a court may permit pleadings to be amended to conform to the evidence either before or after judgment (*see, Dittmar Explosives v A.E. Ottaviano, Inc.,* 20 NY2d 498, 502), and leave to amend the pleadings should be freely given absent prejudice or surprise resulting directly from the delay (*see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23; *Murray v City of New York,* 43 NY2d 400, 405; *Weinstein Enters. v Cappelletti,* 217 AD2d 616, 617; *Dos v Scelsa & Villacara,* 200 AD2d 705, 707). In light of the procedural history of this case, the underlying merits of the action, and the lack of prejudice to the defendants, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3025 (c), *inter alia*, to amend the ad damnum clause of the complaint to include monetary damages for the defendants' fraudulent conveyance of real property.

Additionally, the Supreme Court erroneously limited its consideration of potential damages to the amount that the

plaintiff would have received as his pro rata share had the property not been fraudulently conveyed. The proper measure of damages in a fraud action is the actual pecuniary loss sustained as the direct result of the wrong (*see, Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421). Here, the plaintiff tendered his share in three viable cooperatives in reliance upon the representation of the defendant John J. Martino that Mr. Martino owned the Mineola property he had fraudulently conveyed. Thus, the plaintiff is entitled to recover the value of the cooperative shares that he conveyed to the defendant Mr. Martino as a result of that defendant's fraud, in addition to the amount he would have received as his pro rata share on the Mineola property had it not been fraudulently conveyed.

The plaintiff's remaining contentions are without merit. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.