■ In the Matter of NATIONAL ENTERPRISES, INC., Respondent-Appellant, v CLERMONT FARM CORPORATION et al., Respondents, and CLERMONT II, INC., et al., Appellants-Respondents. [848 NYS2d 420]—

Mercure, J.P. Cross appeals (1) from an order of the Supreme Court (Egan, Jr., J.), entered April 11, 2006 in Columbia County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 52, to nullify the conveyance of certain real property, (2) from an order of said court, entered August 14, 2006 in Columbia County, which, among other things, granted petitioner's motion to find respondents Thomas F. Cunningham and Clermont II in contempt, (3) from an order of said court, entered August 15, 2006 in Columbia County, which granted petitioner's motion for counsel fees, and (4) from an order and judgment of said court, entered August 28, 2006 in Columbia County, incorporating portions of the previous orders.

The instant proceeding arises out of petitioner's attempt to satisfy a $75,000 judgment entered in 1999 in its favor by reaching property that belongs to respondent Thomas F. Cunningham (hereinafter Cunningham). The property involved is the 230-acre Clermont Farm located on State Road 9G in the Town of

Clermont, Columbia County. In 2000, respondent Clermont Farm Corporation—which is purportedly owned by the MSKCT trust set up by Cunningham for the benefit of his family—received a deed to the farm from Columbia County. In 2001, Clermont Farm Corporation and Cunningham entered into a contract for sale pursuant to which Cunningham purchased a 50-acre parcel of the farm (hereinafter Property I) for $375,000. Cunningham obtained a $225,000 mortgage on Property I and received a deed to the parcel. In 2002, a deed was recorded in Columbia County indicating that Cunningham transferred Property I to respondent Clermont II, another entity purportedly owned by the MSKCT trust, for no consideration.[1]

Thereafter, petitioner commenced this proceeding, seeking to satisfy its judgment from respondents' interests in the Clermont Farm property and shares of Clermont Farm Corporation, and seeking reimbursement of its counsel fees pursuant to Debtor and Creditor Law § 276-a. In April 2006, Supreme Court rendered an order in petitioner's favor, finding that Property I was fraudulently conveyed by Cunningham to Clermont II in 2002 and, pursuant to Debtor and Creditor Law § 273-a, nullifying that conveyance and every conveyance thereafter. The court directed respondents to "immediately deliver Property [I] to the Columbia County Sheriff for sale to satisfy the Judgment" plus interest and costs. In addition, the court dismissed the petition with respect to the remaining acreage of Clermont Farm and the stock of Clermont Farm Corporation.

In August 2006, Supreme Court entered two additional orders and an order and judgment. In the first order, the court concluded that various undertakings filed by respondents were ineffective to give rise to an automatic stay, and held Cunningham and Clermont II in contempt for failing to deliver Property I to the sheriff. The court also determined that respondent Maria Cunningham was not prohibited from acting as a surety, and fixed the amount of an undertaking at $172,000. In the second order, Supreme Court awarded petitioner counsel fees pursuant to Debtor and Creditor Law § 276-a upon its finding that Cunningham had transferred Property I to Clermont II with the intent to hinder, delay or defraud petitioner. Finally, the court entered an order and judgment embodying certain of the findings of the previous orders and awarding petitioner counsel fees. Cunningham and Clermont II (hereinafter collec-

---

1.  Subsequently, Clermont II transferred Property I to Cunningham and his wife, respondent Maria Cunningham, for no consideration. Cunningham and his wife, in turn, transferred the property back to Clermont II in 2005, again for no consideration.

tively referred to as respondents) appeal and petitioner cross-appeals from the various orders.

Initially, we reject respondents' argument that Supreme Court erred in determining that Property I could be reached pursuant to Debtor and Creditor Law § 273-a. That provision states: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment" (Debtor and Creditor Law § 273-a). As Supreme Court concluded, petitioner established the elements necessary to prevail under section 273-a—Cunningham admitted that he was aware of the 1999 judgment entered against him in favor of petitioner, that he has never made any payments against that judgment, and that he conveyed Property I to Clermont II for no consideration (see Fane v Howard, 13 AD3d 950, 951-952 [2004]; Matter of Mega Personal Lines, Inc. v Halton, 9 AD3d 553, 555 [2004]). Cunningham's argument that section 273-a is inapplicable because he did not have an equitable interest in Property I (see Matter of Weismann v Robins, 191 AD2d 497, 498 [1993]; A. J. Armstrong Co. v Halikman, 45 AD2d 995, 995-996 [1974]) is unsupported by the record, which belies his contention that he took legal title to the property only as a nominee of the trust.

Accordingly, Supreme Court properly determined that Property I was fraudulently conveyed to Clermont II and directed sale of that parcel to satisfy petitioner's judgment.[2] Moreover, inasmuch as petitioner established at the hearing on counsel fees that Cunningham acted with actual intent to hinder, delay or defraud a creditor in conveying Property I, petitioner is entitled to counsel fees pursuant to Debtor and Creditor Law § 276-a (see B.M.H. Mgt., Inc. v 81 & 3 of Watertown, Inc., 13 AD3d 1182, 1182 [2004], lv denied 5 NY3d 701 [2005]; Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d 177, 179 [2004]; Matter of Capalbo v Capalbo, 256 AD2d 575, 577 [1998]).

Regarding the contempt order, in light of petitioner's demonstration that it was prejudiced as a result of respondents

---

2. Petitioner concedes that any sale of Property I must be conducted in conformity with CPLR 5236 (see generally Guardian Loan Co. v Early, 47 NY2d 515, 521 [1979]; Matter of Preston Farms v Nacri, 42 AD2d 668, 669-670 [1973]). We therefore modify the order and judgment entered August 28, 2006 to direct that the sheriff conduct the sale of Property I as required by CPLR 5236.

disobeying a lawful order of which they had knowledge and which expressed an unequivocal mandate, Supreme Court properly held Cunningham and Clermont II in contempt (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]). Contrary to respondents' arguments, a good-faith belief that an order is defective or invalid does not entitle a party to disregard it, and an erroneous belief that an automatic stay exists is not a defense to contempt (*see Ulster Home Care v Vacco*, 255 AD2d 73, 78 [1999]; *Peters v Sage Group Assoc.*, 238 AD2d 123, 123 [1997]).

Turning to petitioner's cross appeals, we agree that Supreme Court erred in dismissing the petition insofar as it sought to satisfy the outstanding judgment from the stock shares of Clermont Farm Corporation and the remaining land comprising Clermont Farm. Summary treatment of a special proceeding is governed by the same standards that apply on a motion for summary judgment (*see* CPLR 409 [b]; *Matter of People v Applied Card Sys., Inc.*, 27 AD3d 104, 106 [2005], *lv dismissed* 7 NY3d 741 [2006]). In light of Cunningham's claim on his tax returns that he owned 100% of the shares of Clermont Farm Corporation and his representations on personal financial statements that he owned the assets of Clermont Farm, petitioner raised a triable issue of fact regarding Cunningham's ownership interest in the stock and assets of Clermont Farm Corporation. We therefore remit for a hearing on the issue of Cunningham's ownership of that property and its availability to petitioner for satisfaction of the judgment, as well as for a determination on petitioner's request for disclosure pursuant to CPLR 408 (*see Stapleton Studios v City of New York*, 7 AD3d 273, 274-275 [2004]). Finally, in the interest of judicial economy, we note that Maria Cunningham remains a party to the proceedings by virtue of the cross appeals and, in any event, petitioner demonstrated that her assets are "inextricably entwined" with those of Cunningham such that she may not act as a surety herein (*Centurifico Delveneto [USA] v Switzerland Gen. Ins. Co.*, 180 AD2d 547, 547 [1992]; *see Alex v Grande*, 29 AD2d 616, 616 [1967]).

Respondents' remaining arguments are either not properly before us, rendered academic by our decision, or, upon consideration, have been found to be lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order entered April 11, 2006 and the order and judgment entered August 28, 2006 are modified, on the law, without costs, by reversing so much thereof as dismissed the claims for the stock shares of respondent Clermont Farm Corporation and properties other than Property I; direct that the sale of Prop-

erty I be conducted in conformance with CPLR 5236 and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order entered August 14, 2006 is modified, on the law, without costs, by reversing so much thereof as ordered that respondent Maria Cunningham could act as a surety herein, and, as so modified, affirmed. Ordered that the order entered August 15, 2006 is affirmed, without costs.