■ KREISLER BORG FLORMAN GENERAL CONSTRUCTION COMPANY, INC., Appellant, v TOWER 56, LLC, Respondents. [872 NYS2d 469]—

In an action to set aside a conveyance of property as fraudulent under the Debtor and Creditor Law, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated July 31, 2008, as denied those branches of its motion which were for summary judgment on its first, second, and third causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on its first, second, and third causes of action are granted, and the matter is remitted to the Supreme Court, Queens County for further proceedings consistent herewith.

This action concerns property located in Queens County which, prior to August 2007, was owned by the defendant Tower 56, LLC (hereinafter Tower 56). In May 2007 the plaintiff commenced an action in the Supreme Court, Westchester County, against the defendants Tower 56 and Rosma Development, LLC (hereinafter Rosma), seeking payment for construction manage-

ment services it had rendered in connection with improvements made to the subject property (hereinafter the Westchester County action). By deed dated August 1, 2007, Tower 56 transferred ownership of the property to the defendants Moses Rosner and Moshe Junger (hereinafter collectively with Tower 56 and Rosma, the defendants), individually, for no consideration. Rosner and Junger were the two members of Tower 56. On August 15, 2007 the plaintiff obtained a default judgment in the Westchester County action in the sum of $140,952.97, which remains unsatisfied.

In September 2007 the plaintiff commenced this action alleging that the transfer of the property was fraudulent under the Debtor and Creditor Law, and was done only to avoid the impending judgment in the Westchester County action. Thereafter the plaintiff sought summary judgment, including an award of an attorney's fee. The defendants opposed the motion, arguing that the plaintiff entered the default judgment in the Westchester County action while the parties were attempting to settle the matter, and that the property was transferred for reasons other than to avoid any judgment creditors. The Supreme Court denied the motion, finding that there is a "triable issue of fact as to the intent of the defendants concerning the transfer of the real property in question." We reverse the order insofar as appealed from.

Debtor and Creditor Law § 273-a states as follows: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Here, the plaintiff established its prima facie entitlement to judgment as a matter of law under the statute by demonstrating that the subject property was transferred without any consideration by Tower 56 at a time when that entity was a defendant in the plaintiff's action for money damages (*see Hirschhorn v Hirschhorn*, 294 AD2d 404 [2002]; *Pascal v Nova Cas. Co.*, 226 AD2d 688, 690 [1996]; *Matter of Kalati v Independent Diamond Brokers*, 209 AD2d 412 [1994]).

In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. The defendants alleged that they believed that the Westchester County action was in the process of being settled when the plaintiff entered its default judgment. However, even assuming this to be true, it is undisputed that no such settlement was ever reached, and it is

undisputed that the Westchester County action was pending when the property was transferred without any consideration. Therefore, the defendants failed to raise a triable issue of fact to defeat the plaintiff's establishment of a fraudulent conveyance under Debtor and Creditor Law § 273-a. Accordingly, the plaintiff was entitled to summary judgment on its cause of action predicated upon that statute (*see Berner Trucking v Brown*, 281 AD2d 924, 925 [2001]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff was also entitled to summary judgment on its cause of action based upon Debtor and Creditor Law § 276, which states as follows "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." "The burden of proof to establish actual fraud under Debtor and Creditor Law § 276 is upon the creditor who seeks to have the conveyance set aside (*Brody v. Pecoraro*, 250 NY 56), and the standard for such proof is clear and convincing evidence . . . *[F]raudulent intent, by its very nature, is rarely susceptible to direct proof and must be established by inference from the circumstances surrounding the allegedly fraudulent act*" (*Marine Midland Bank v Murkoff*, 120 AD2d 122, 126, 128 [1986] [citations omitted and emphasis added]).

The circumstances warrant the conclusion that the transfer of the property evinced actual intent to defraud. In particular, the transfer was made without any consideration whatsoever only days before the plaintiff entered its default judgment for money damages. Moreover, the defendants' cryptic and conclusory explanation for the transfer did not dispel its fraudulent nature. Therefore, there was sufficient evidence to establish the existence of a fraudulent intent on the part of the defendants at the time of the conveyance of the subject property. Consequently, as no triable issue of fact was raised by the defendants, the plaintiff is entitled to summary judgment pursuant to Debtor and Creditor Law § 276 (*see Dillon v Dean*, 256 AD2d 436 [1998]; *Polkowski v Mela*, 143 AD2d 260 [1988]; *Apple Bank for Sav. v Contaratos*, 204 AD2d 375 [1994]).

Since the plaintiff established an actual intent to defraud, it is also entitled to recover a reasonable attorney's fee, as sought in the third cause of action (*see* Debtor and Creditor Law § 276, 276-a; *Ford v Martino*, 281 AD2d 587 [2001]; *Dillon v Dean*, 256 AD2d 436 [1998]; *Polkowski v Mela*, 143 AD2d 260 [1988]). In addition, the plaintiff may be accorded relief under Debtor and Creditor Law § 278, which provides for the "[r]ights of creditors

whose claims have matured." However, the amount of the fee cannot be determined on this record, and the particular remedy available under Debtor and Creditor Law § 278 regarding the property at issue is a matter to be determined by the Supreme Court. Accordingly, we remit the matter to the Supreme Court, Queens County, for these purposes. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.