■ ELAINE THOMPSON, Respondent, v MEL COOPER, Also Known as MELVIN COOPER, Respondent, and IMPERIAL CAPITAL LLC, Appellant. [936 NYS2d 180]—

Petitioner commenced this special proceeding to set aside respondent Cooper's conveyance of his luxury condominium to Imperial, an entity in which he had a substantial stock interest. The petition lacks the factual allegations and evidence required to support a finding that Cooper fraudulently conveyed the condominium to Imperial in violation of Debtor and Creditor Law § 273 (see CPLR 409 [b]; *1091 Riv. Ave. LLC v Platinum Capital Partners, Inc.*, 82 AD3d 404 [2011], *appeal dismissed* 17 NY3d 769 [2011]; *Karr v Black*, 55 AD3d 82, 86 [2008], *lv denied* 11 NY3d 712 [2008]).

However, the petition and the documentary evidence, including a money judgment in plaintiff's favor against Cooper and state and municipal transfer forms indicating that Imperial paid little or no consideration for the condominium, are sufficient to raise triable issues whether Cooper, who at the time of the transfer was a defendant in plaintiff's action for money damages, fraudulently conveyed the condominium to Imperial in violation of Debtor and Creditor Law § 273-a (see *Matter of National Enters., Inc. v Clermont Farm Corp.*, 46 AD3d 1180, 1182 [2007]). In view of the foregoing, we nostra sponte deem the petition amended to include a claim under Debtor and Creditor Law § 273-a (see CPLR 3025 [c]; *Gonfiantini v Zino*, 184 AD2d 368, 369 [1992]). Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 32726(U).]**