■ THE PEOPLE OF THE STATE OF NEW YORK, by ANDREW M. CUOMO, Attorney General of State of New York, Appellant, v TEMPUR-PEDIC INTERNATIONAL, INC., Respondent. [944 NYS2d 518]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered January 20, 2011, which denied the Office of the Attorney General's (OAG) petition seek-

ing to enjoin Tempur-Pedic's alleged "price-fixing" practices, prohibit Tempur-Pedic from destroying its records, compel Tempur-Pedic to disgorge its profits, and provide restitution to its consumers; granted Tempur-Pedic's motion to dismiss the petition; and denied Tempur-Pedic's discovery motion as moot, unanimously affirmed, without costs.

Following a complaint from a consumer, OAG launched an investigation that culminated in the instant petition, which alleged that Tempur-Pedic violated General Business Law § 369-a by entering Resale Price Maintenance agreements (RPM) with its retailers, setting the price of their products at an artificially high rate.

The motion court, in denying the petition and granting Tempur-Pedic's motion to dismiss, first found that General Business Law § 369-a does not make RPMs illegal as a matter of law. We agree. The plain language of section 369-a is dispositive of this argument, as it states that "contract provisions" that impose minimum resale prices "will not be enforceable or actionable at law." This statutory language makes clear that an action may not be maintained in a court of law to enforce such a provision. However, there is nothing in the text to declare those contract provisions to be illegal or unlawful; rather the statute provides that such provisions are simply unenforceable in the courts of this state (*see e.g. WorldHomeCenter.com, Inc. v Franke Consumer Prods., Inc.*, 2011 WL 2565284, 2011 US Dist LEXIS 67798 [SD NY 2011]; *Worldhomecenter.com, Inc. v KWC Am., Inc.*, 2011 WL 4352390, 2011 US Dist LEXIS 104496 [SD NY 2011]).

Even if the plain language of General Business Law § 369-a could be held to render RPMs illegal as a matter of law, the OAG failed to adduce sufficient evidence to support its petition against Tempur-Pedic. First, we note that the IAS court followed the proper standard in evaluating the petition for summary disposition and Tempur-Pedic's motion to dismiss (*see e.g. Matter of National Enters., Inc. v Clermont Farm Corp.*, 46 AD3d 1180, 1183 [2007]).

Here, the OAG relies on, as evidence of the existence of an RPM, Tempur-Pedic's "Retail Partner Obligations and Advertising Policies," which, admittedly are signed by Tempur-Pedic and its retailers. However, this agreement pertains to advertising only. Advertising agreements cannot be the subject of a vertical RPM claim, because they do not restrain resale prices, but merely restrict advertising (*see e.g. Worldhomecenter.com, Inc.*, 2011 WL 4352390, *5-6, 2011 US Dist LEXIS 104496, *14-15).

In any event, the evidence OAG tendered did not support a conclusion that RPM agreements were reached between Tempur-Pedic and its retailers, but merely that Tempur-Pedic enacted its minimum price policy and that its retailers independently determined to acquiesce to the pricing scheme in order to continue carrying Tempur-Pedic's products (*see e.g. Leegin Creative Leather Products, Inc. v PSKS, Inc.*, 551 US 877, 901-902 [2007]; *Monsanto Co. v Spray-Rite Service Corp.*, 465 US 752, 764 [1984]).

We have considered the remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ. **[Prior Case History: 30 Misc 3d 986.]**