In a proceeding pursuant to CPLR 5225 and 5227, inter alia, to set aside allegedly fraudulent conveyances, (1) Abraham A. Rubashkin, Rivka Rubashkin, Joseph Rubashkin, Gutol Leiter, Rosie Sandman, A.A. Rubashkin & Sons, Inc., 452-53rd Street Realty Corp., 410 East 17th Street, LLC, and 404 Realty Associates, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated January 31, 2011, as granted those branches of the petition which were to void certain conveyances by Abraham A. Rubashkin of shares of corporate stock or “membership interests” in several corporations, to void a conveyance by Abraham A. Rubashkin of his interest in his house to Rivka Rubashkin, to void a mortgage on that house, for an award of an attorney’s fee against them pursuant to Debtor and Creditor Law § 276-a, and to enjoin them from encumbering related assets, and Hilgar Limited separately appeals, as limited by its brief, from so much of the same order as granted that branch of the petition which was to void the subject mortgage, (2) Abraham A. Rubashkin, Rivka Rubashkin, Joseph Rubashkin, Gutol Leiter, Rosie Sandman, A.A. Rubashkin & Sons, Inc., 452-53rd Street Realty Corp., 410 East 17th Street, LLC, and 404 Realty Associates, LLC, appeal, as limited by their brief, from so much of a judgment of the same court dated May 12, *1058 2011, as, upon the order, granted those branches of the petition which were to void certain conveyances by Abraham A. Rubashkin of shares of corporate stock or “membership interests” in several corporations, to void the conveyance by Abraham A. Rubashkin of his interest in his house to Rivka Rubashkin, to void the subject mortgage, for an award of an attorney’s fee against them pursuant to Debtor and Creditor Law § 276-a, and to enjoin them from encumbering related assets, and voided those conveyances and the subject mortgage, awarded the petitioner an attorney’s fee in the sum of $55,000, and enjoined them from encumbering related assets, and Hilgar Limited separately appeals, as limited by its brief, from so much of the same judgment as, upon the order, granted those branches of the petition which were to void the subject mortgage and for an award of an attorney’s fee against it pursuant to Debtor and Creditor Law § 276-a, voided the subject mortgage, and adjudged that it was jointly and severally liable to the petitioner for the payment of the attorney’s fee in the sum of $55,000, and (3) the defendant Hilgar Limited appeals, as limited by its brief, from so much of an order of the same court dated May 23, 2011, as denied that branch of its motion which was for leave to renew its opposition to the petition.
Ordered that the appeals from the order dated January 31, 2011, are dismissed; and it is further,
Ordered that the judgment is modified, on the law, by deleting the provisions thereof granting those branches of the petition which were to void the subject mortgage and for an award of an attorney’s fee against Hilgar Limited pursuant to Debtor and Creditor Law § 276-a, voiding the subject mortgage, and adjudging that Hilgar Limited was jointly and severally liable for the payment of the attorney’s fee in the sum of $55,000, and substituting therefor provisions denying those branches of the petition; as so modified, the judgment is affirmed insofar as appealed from, and the order dated January 31, 2011, is modified accordingly; and it is further,
Ordered that the appeal by Hilgar Limited from the order dated May 23, 2011, is dismissed as academic in light of our determination of the appeals from the judgment; and it is further,
Ordered that one bill of costs is awarded to Hilgar Limited, payable by the petitioner, and one bill of costs is awarded to the petitioner, payable by Abraham A. Rubashkin, Rivka Rubashkin, Joseph Rubashkin, Gutol Leiter, Rosie Sandman, A.A. Rubashkin & Sons, Inc., 452-53rd Street Realty Corp., 410 East 17th Street, LLC, and 404 Realty Associates, LLC.
The appeals from the intermediate order dated January 31, *1059 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order dated January 31, 2011, are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501 [a] [1]).
In 2004, nonparty Agriprocessors, Inc. (hereinafter Agriprocessors), entered into a master lease agreement with the petitioner, U.S. Bancorp Equipment Finance, Inc., (hereinafter Bancorp), under which Agriprocessors would lease from Bancorp several pieces of equipment worth over $1,000,000. On May 20, 2004, the appellant Abraham A. Rubashkin (hereinafter Abraham Rubashkin), who was the sole shareholder of Agriprocessors, entered into a personal guaranty promising payment and performance under the master lease if Agriprocessors defaulted.
Between August 2007 and August 2008, Agriprocessors borrowed $2,750,000 from the appellant Hilgar Limited (hereinafter Hilgar). In August 2008, Agriprocessors and Hilgar entered into a note memorializing the loan. The loan was personally guaranteed by Abraham Rubashkin and his wife, the appellant Rivka Rubashkin, and was to be secured by a mortgage on the personal residence of Abraham Rubashkin and Rivka Rubashkin. In August 2008, Abraham Rubashkin and Rivka Rubashkin executed a mortgage on the residence in favor of Hilgar. The mortgage was duly recorded. In September 2008, Agriprocessors defaulted on its obligations under the master lease and Bancorp sought payment from Abraham Rubashkin personally, pursuant to the guaranty.
Despite written demand for payment by Bancorp, Abraham Rubashkin failed to satisfy his obligations to Bancorp, and Bancorp commenced an action against him in the United States District Court for the Eastern District of New York. In August 2009, Bancorp was awarded a judgment against Abraham Rubashkin in the principal sum of $902,334.44.
Subsequently, Bancorp commenced this proceeding pursuant to CPLR 5225 and 5227 seeking, inter alia, to void certain conveyances by Abraham Rubashkin of shares of corporate stock or “membership interests” in several corporations, the conveyance by Abraham Rubashkin of his interest in his house to Rivka Rubashkin, and the allegedly fraudulent mortgage. It also sought an award of attorney’s fees pursuant to Debtor and Creditor Law § 276-a. The Supreme Court, among other things, granted those branches of the petition which were to void the mortgage and for an award of attorney’s fees and directed that *1060 Hilgar was jointly and severally liable for payment of an attorney’s fee in the sum of $55,000.
Pursuant to Debtor and Creditor Law § 276, “[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.” The burden of proof to establish actual fraud under Debtor and Creditor Law § 276 is upon the creditor who seeks to have the conveyance set aside and the standard for such proof is clear and convincing evidence (see Marine Midland Bank v Murkoff, 120 AD2d 122, 126 [1986]).
A conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration (see Debtor and Creditor Law § 273; Matter of CIT Group I Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 302 [2006]; Matter of American Inv. Bank v Marine Midland Bank, 191 AD2d 690, 691 [1993]). Also fraudulent are conveyances made without fair consideration when the conveyor “intends or believes that he will incur debts beyond his ability to pay as they mature” (Debtor and Creditor Law § 275; see Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d at 302).
Here, the Supreme Court erred in granting those branches of the petition which were to void the subject mortgage and for an award of an attorney’s fee against Hilgar pursuant to Debtor and Creditor Law § 276-a. Bancorp failed to establish, by clear and convincing evidence, that the subject mortgage, executed by Abraham Rubashkin and Rivka Rubashkin in favor of Hilgar, was a fraudulent conveyance under either section 273 or section 275 of the Debtor and Creditor Law. Bancorp failed to show that the mortgage was conveyed without fair consideration. Further, contrary to Bancorp’s contention, Hilgar established that it was a bona fide encumbrancer by demonstrating that it paid valuable consideration for the mortgage (see Debtor and Creditor Law § 272; Matter of American Inv. Bank v Marine Midland Bank, 191 AD2d 690 [1993]), in good faith and without knowledge of the alleged fraud by Rubashkin (cf. Miner v Edwards, 221 AD2d 934 [1995]; Matter of Moon v Darrow, 30 Misc 3d 187, 192-193 [2010]). Therefore, the Supreme Court erred in granting that branch of Bancorp’s petition which was to void the mortgage under Debtor and Creditor Law § 276.
Moreover, since Bancorp failed to establish actual intent to defraud pursuant to Debtor and Creditor Law § 276-a on the *1061 part of Hilgar, the Supreme Court erred in adjudging that Hilgar was jointly and severally liable for the payment of the attorney’s fee in the sum of $55,000 (see Debtor and Creditor Law § 276-a; Carey v Crescenzi, 923 F2d 18, 21-22 [1991]; cf. Ford v Martino, 281 AD2d 587, 588 [2001]; Apple Bank for Sav. v Contaratos, 204 AD2d 375 [1994]).
The appellants’ remaining contentions are without merit. Rivera, J.E, Leventhal, Roman and Cohen, JJ., concur.